IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT R. SPENCE,  )
                                                  ) Civil Action No. 11 - 1280
           Plaintiff,  )
                                                  ) Magistrate Judge Lisa Pupo Lenihan
      v.  )
DEPUTY WARDEN CAROL STEELE- )
SMITH, et al,  )
           Defendants.  )

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 6) be denied.

**II.    REPORT**

Pending before the Court is a Request for Preliminary Injunction filed by Plaintiff. The motion requests an injunction preventing Defendants from retaliating against Plaintiff, harassing Plaintiff and to keep the Beaver County Jail from placing him in the restricted housing unit or transfer him to another prison. Based upon the lack of a factual basis in Plaintiff's motion, Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of an injunction.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the

issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir.1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

Plaintiff's request for injunctive relief is directed not merely at preserving the status quo; instead, it seeks mandatory relief. In this situation, the burden on the moving party is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S.Ct. 2572, 2578 (U.S. June 28, 2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Plaintiff's allegations fail to show any immediate, irreparable injury that will result from the Court's denial of his motion that cannot be compensated with money damages; such relief, if necessary, should be required only after a full review of the relevant facts and law. Accordingly, his motion for preliminary injunction should be denied.

### III. **CONCLUSION**

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 6) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (14) days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

/s Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: October 25, 2011

cc: Robert R. Spence
    Beaver County Jail
    6000 Woodlawn Road
    Beaver, PA  15001