IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT RUSSELL SPENCE, | 2:11cv1280 |
| Plaintiff, | Electronic Filing |
| v. | Judge Cercone |
| | Chief Magistrate Lenihan |
| ALISA N. CARR, et al., | |
| | ECF No. 33 |
| Defendants. | |

## **MEMORANDUM ORDER**

This civil action was commenced on October 5, 2011 by the filing of a motion for leave to proceed *in forma pauperis*, and was referred to Chief United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D. That motion was denied as the appropriate supporting documentation was not filed with the motion. (ECF No. 2.) Thereafter, on October 18, 2011, the $350 filing fee was received by the Clerk of Court and the Complaint (ECF No. 5) was docketed.

On October 26, 2011, Plaintiff filed an Amended Complaint (ECF No. 8), which the Magistrate Judge struck in an Order dated February 21, 2012 (ECF No. 25), finding *inter alia* that:

> [T]he Original Complaint and the Amended Complaint are too varied in substance and form for the Court to accurately determine what Plaintiff intends to plead. Therefore, to allow Plaintiff to clarify his claims and the parties, the Court will strike the Amended Complaint and grant him leave to file a

> second amended complaint which names each and every defendant he wishes to sue, and includes all of the claims and supporting factual allegations to which he would like those defendants to respond and which he would like the Court to consider from this point forward. . . . In drafting his second amended complaint, the Court cautions Plaintiff that he may only join as parties in the same lawsuit those defendants against whom the claims arise from the same transaction or occurrence and involve a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). . . . Thus, while Plaintiff may combine multiple unrelated claims against a single defendant in a lawsuit, he cannot combine unrelated claims against multiple defendants in one lawsuit.

2/21/12 Order at 3-4 (ECF No. 25) (citations omitted). On May 21, 2012, Plaintiff filed a Second Amended Complaint (ECF No. 29), but failed to comply with the proof of service requirements of Rule 4(*l*) as directed by the Magistrate Judge in her 2/21/12 Order. Nonetheless, one of the Defendants, Alisa N. Carr, filed a Motion to Dismiss the Second Amended Complaint (ECF No. 33) on March 7, 2013. Despite granting numerous requests for extensions of time to comply with the various court orders, and being informed that failing to comply with the orders may result in dismissal of this lawsuit for failure to prosecute, Plaintiff did not provide the service copies for the Second Amended Complaint or proofs of service, nor did he reply to Defendant Carr's motion to dismiss.

On August 19, 2013, the Magistrate Judge issued a Report and Recommendation (ECF No.40), recommending that the Motion to Dismiss filed by Alisa N. Carr (ECF No. 33) be granted with prejudice, and this civil action be dismissed with prejudice against the remaining Defendants for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Service of the Report and Recommendation (ECF No. 40) was made on Plaintiff at Beaver County Jail, 6000 Woodlawn Road, Beaver, PA

15001, and on counsel for Defendant Carr via electronic mail. Plaintiff and Defendant Carr were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections. No objections to the Report and Recommendation have been filed, but Plaintiff filed a Third Amended Complaint (ECF No. 41) on August 26, 2013.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, the Court finds:

The Third Amended Complaint should be stricken from the record for the following reasons:

1. The Third Amended Complaint is untimely. Although the Third Amended Complaint is dated May 6, 2013, it was not delivered to the Court until August 26, 2013. *See* ECF No. 41 at 1; *see also* Staff Notes entered on 8/28/13. No reason is provided by Plaintiff for the untimely filing of the Third Amended Complaint despite numerous extensions of time to do so and the Court's admonition that no further extensions would be granted.

2. The Third Amended Complaint fails to comply with the Magistrate Judge's previous Order (ECF No. 25) with regard to joining of multiple parties in one lawsuit and thus violates Federal Rule of Civil Procedure Rule 20(a)(2). In this regard, the Court notes that:

    (a) Plaintiff has asserted, *inter alia,* state common law claims against criminal defense attorneys, who allegedly represented him at one

time, for breach of contract and professional malpractice/violating the code of ethics, which are not based on common facts.[1]

(b) Plaintiff has also alleged misconduct by the federal prosecutor, Ross Lenhart,[2] and the court appointed stand-by counsel, Thomas Brown, in a pending criminal case in which Spence has been indicted—2:09-cr-105—in the Western District of Pennsylvania. These allegations are unrelated to the claims in this civil action, and thus, are misjoined. Any claims of misconduct in Criminal Case No. 09-105 should be raised in that case, or in a habeas case filed after that case is concluded.

(c) The Third Amended Complaint fails to allege any facts to support legally cognizable claims against Defendants United States Postal Service, OB & GYN Associates, Anne Shaheen, M.D., Allegheny County Special Fee Dispute Board, and Louis P. Vitti, Esquire, and thus, fails to establish a basis for joinder of these Defendants.

3. The Third Amended Complaint fails to comply with the Magistrate Judge's previous Order (ECF No. 25) as Plaintiff failed to provide the Court with service copies and completed Marshals 285 forms and Notice of Waiver of Service forms for each named defendant.

---

[1] Moreover, to the extent Plaintiff is attempting to allege ineffective assistance of counsel claims against some of these Defendants, such claims must be brought in a petition for writ of habeas corpus after exhausting state remedies.
[2] However, Plaintiff does not name Ross Lenhart as a defendant in the caption of the Third Amended Complaint.

4. The Third Amended Complaint does not allege any new factual allegations against Defendant Alisa Carr, but does assert, for the first time, a Fifth Amendment due process claim against the arbitrators. (3rd Am. Compl. ¶286, ECF No. 41.) This claim lacks merit as the due process clause of the Fifth Amendment applies only to actions taken by the federal government and not by private individuals. *Local 1498, Am. Fed'n of Gov't Employees v. Am. Fed'n of Gov't Employees, AFL/CIO*, 522 F.2d 486, 492 (3d Cir. 1975) (citing *Public Utility Comm'n v. Pollak*, 343 U.S. 451, 461 (1952)). *See also Velez-Diaz v. Bega-Irizarry*, 421 F.3d 71, 78-79 (1st Cir. 2005); *United States v. Guerro*, 983 F.2d 1001, 1004 (10th Cir. 1993). Plaintiff has not, and cannot, establish that Defendant Carr was acting as an agent of the federal government in executing her duties as an arbitrator. Even so, Plaintiff alleges that the alleged violation of his Fifth Amendment due process rights occurred in awarding Attorney Levenson $50,000. As stated in the Magistrate Judge's Report and Recommendation, Defendant Carr is entitled to quasi-judicial immunity for performing her duties as an arbitrator, and awarding Attorney Levenson $50,000 squarely falls within her arbitral duties.

5. Plaintiff asserts for the first time claims against the DEA and its agents, Special Agent Christopher Balchon, Task Force Agent Herbert Strobel, Task Force Agent Thomas Hobart, and Group Supervisor Muricio Jimenez. Some of the allegations as to the DEA Defendants fail to provide dates and/or lack sufficient clarity or substance to determine the nature of the alleged violation. Moreover, the claims against the DEA Defendants are likely time-barred as the alleged misconduct appears to have occurred more than two years before August 26, 2013 (to the extent dates were

provided by Plaintiff in the Third Amended Complaint),[3] and they do not relate back to the date of the original Complaint. *See* Fed. R. Civ. P. 15(c)(1)(B).

6. The newly asserted claims against Stephie Anna Ramaley, Daleena Johnson,[4] Candace Thompson, and Crystal Thompson appear to be the same as those previously asserted in Case No. 2:12-cv-857 and adjudicated on the merits, and therefore, would be barred by res judicata. *See* Case No. 2:12-cv-857, W.D.Pa., Report and Recommendation dated 1/4/13 (ECF No. 14), adopted by the undersigned as the opinion of the Court in Mem. Order dated 3/19/13 (ECF No. 18); *see also* Mem. Order dated 4/23/13 (ECF No. 19) (dismissing remaining claims with prejudice after Spence failed to file an amended complaint).

7. The newly asserted claims against Keeley Schafer, Kevin Schafer, Robert J. Stechp, Esquire, Daryl Meyerick,[5] Korry Pitts, and 412 Motoring appear to be the same as those previously asserted in Case No. 2:13-cv-16. The claim against Stechp

---

[3] The Court notes that in paragraph 293 of the Third Amended Complaint, Plaintiff alleges that the DEA agents seized a 1986 Buick Grand National in November 2012. However, this alleged seizure appears to have occurred in relation to Criminal Case No. 2:09-cr-105, in which Plaintiff has been indicted. Any objection to that seizure should thus be made in Criminal Case No. 09-105. Also, in paragraph 218 of the Third Amended Complaint, Plaintiff alleges that on 7/19/12, "DEA agents took him from the Beaver County Jail only to take [his] exploitation documents all 140 lbs." Notwithstanding the insufficiency of this claim under Federal Rule of Civil Procedure 12(b)(6), this alleged misconduct is an occurrence or transaction separate from the alleged conspiracy between the DEA and some of the other Defendants, nor does it involve questions of law or fact in common with the claims asserted against the non-DEA Defendants. Thus, although the claim would be timely, it is misjoined in this civil action.

[4] Plaintiff alleges that Daleena Johnson was an employee of the U.S. Postal Service (Third Am. Compl. ¶31), but fails to allege any facts to show or suggest that she was acting in her capacity as an employee of the U.S. Postal Service when she engaged in the conduct alleged in the Third Amended Complaint.

[5] Plaintiff spelled the defendant's name as "Myrick" in the civil action filed at No. 2:13-cv-

6

was dismissed with prejudice. As to the claims against Defendants Keeley Schafer, Kevin Schafer, Daryl Myrick, Korry Pitts and 412 Motoring, the Court determined that Spence failed to plead sufficient facts to show plausible civil rights claims and thus failed to establish federal question jurisdiction, and dismissed the claims without prejudice. *See* Case No. 2:13-cv-16, W.D.Pa., Report and Recommendation dated 3/7/13 (ECF No. 13), adopted by the undersigned as the opinion of the Court in Mem. Order dated 4/2/13 (ECF No. 15); *see also* Mem. Order dated 4/29/13 (ECF No. 18) (dismissing case after Spence failed to file an amended complaint). Therefore, these claims would be barred by res judicata.

Accordingly, the Court enters the following Order:

**AND NOW**, this 13th day of February, 2014,

**IT IS HEREBY ORDERED** that the Motion to Dismiss the Second Amended Complaint filed by Defendant Alisa N. Carr (ECF No. 33) is **GRANTED** and the Second Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Carr.

**IT IS FURTHER ORDERED** that the Third Amended Complaint is **STRICKEN FROM THE RECORD** and this civil action is **DISMISSED WITH PREJUDICE** as to all remaining Defendants named in the Second Amended Complaint (ECF No. 29).

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 40) of Chief Magistrate Judge Lenihan, dated August 19, 2013, is adopted as the opinion of the Court, along with the additional findings noted herein.

---

16, but he is believed to be one and the same individual.

The Clerk of Court is directed to mark this case **CLOSED**.

*[signature: DSCercone]*

DAVID STEWART CERCONE
United States District Judge

cc: Robert Russell Spence
Beaver County Jail
6000 Woodlawn Road
Beaver, PA 15001
(*Via First Class Mail*)

Daniel L. Rivetti, Esquire
(*Via CM/ECF Electronic Mail*)